UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

NYASIA TALLEY-TRAPPIER and KEISHA
TRAPPIER,

                                        **17-cv-3528**

                                        **COMPLAINT**

                    Plaintiffs

                                        <u>Jury Trial Demanded</u>

- against -

THE CITY OF NEW YORK, P.O. PORTIE, P.O.
CARRIE and P.O. JOHN DOES 1-10,

                    Defendants.
----------------------------------------X

Plaintiffs, **NYASIA TALLEY-TRAPPIER and KEISHA TRAPPIER,** by their attorneys, THE LAW OFFICE OF KAREEM R. VESSUP ESQ., complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which the Plaintiffs, seeks relief for the Defendants' violations of his rights secured by 42 U.S.C. § 1983, by the United States Constitution, including its First, Fourth and Fourteenth Amendments.   Plaintiffs seek compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, 1986, and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is found upon 28 U.S.C. §§ 1331 and 1343. Supplemental jurisdiction is found upon 28 U.S.C. § 1367.

4.   Venue in this District is proper under 28 U.S.C. § 1391 in that the claims alleged herein arose within this District.

## JURY DEMAND

5.   Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.   At all times alleged herein Plaintiff **NYASIA TALLEY-TRAPPIER** was a resident of Richmond County, New York.

7.   At all times alleged herein Plaintiff **KEISHA TRAPPIER** was a resident of Richmond County, New York.

8.   Defendant **THE CITY OF NEW YORK** was and is a municipal corporation duly organized and existing under by virtue of the laws of the State of New York.

9.   Defendant **THE CITY OF NEW YORK** maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized police department which acts as its agent for purposes of law enforcement and for which Defendant **THE CITY OF NEW YORK** is ultimately responsible.

10. That at all times hereinafter mentioned, the individually named Defendants, **P.O. PORTIE and P.O. CARRIE** were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11. That at all times hereinafter mentioned, the individually named Defendants, P.O. JOHN DOES 1-10, whose names

are fictitious and presently unknown were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties, responded to the Castleton Houses at or near 75 Hill Street Staten Island, NY at approximately 8:30pm and were assigned to the NYPD 120th Pct.

12.    That at all times hereinafter mentioned the Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

13.    Each and all the acts of the Defendants alleged herein were done by said Defendants while acting within the scope of their employment by Defendant **THE CITY OF NEW YORK.**

## FACTS

14.    On June 12, 2014 at approximately 8:45 p.m. Plaintiff, a 16-year-old young woman, was seated within a park located within the Stapleton Houses at or near 75 Hill Street in Staten Island, New York.

15.    She was seated with several of her friends in the mid-court circle of the basketball court within the park.

16.    At approximately 8:45pm Defendants **P.O. PORTIE** and **P.O. CARRIE** approached Plaintiff and her friends.

17.    Defendant   **P.O.   PORTIE**   grabbed   one   of   Plaintiff's

friends by the wrist and dragged her over to the area of the middle circle of the basketball court where Plaintiff and her other friends were seated.

18.   Defendant **P.O. PORTIE** then forced Plaintiff's friend to sit down within the mid-court circle.

19.   Plaintiff **NYASIA TALLEY-TRAPPIER** started to ask Defendants **P.O. PORTIE** and **P.O. CARRIE** what was going on and why her friend was being handled in this manner.

20.   The Defendant Police Officers became very belligerent and disrespectful. Defendant **P.O. PORTIE** ultimately shoved one of the young ladies into Plaintiff for no appropriate reason.

21.   Plaintiff became upset at how she was being treated. However, before the incident could escalate further, Plaintiff's Godmother intervened and directed Plaintiff to leave the location and enter her building.

22.   By the time Plaintiff left the park to return to her home she had committed no crime and there was no lawful basis to arrest, stop or detain her.

23.   In fact, Plaintiff was allowed to leave the park. She returned to her building at 75 Hill Street. Upon entering the elevator within the lobby of her building she realized she was being followed by **P.O. PORTIE, P.O. CARRIE** and several other members of the NYPD, named herein as **P.O. JOHN DOE 1-10** including an Asian male officer and a "white shirt" who Plaintiff believed was a Captain.

24.   As Plaintiff entered her building her mother, Plaintiff **KEISHA TRAPPIER,** saw and heard the commotion and introduced herself to the officers as the parent and guardian of Plaintiff **NYASIA TALLEY-TRAPPIER.**   Plaintiff **KEISHA TRAPPIER** also advised the officers that **NYASIA TALLEY-TRAPPIER** was a minor.

25.   Defendant **P.O. PORTIE** grabbed Plaintiff **KEISHA TRAPPIER** by the shirt and threw her down to the ground in the corner of the lobby.

26.   Upon seeing her mother being attacked Plaintiff **NYASIA TALLEY-TRAPPIER** came out of the elevator to attempt to help pull police officers off her mother.

27.   Defendant tackled Plaintiff **NYASIA TALLEY-TRAPPIER** and started beating her about her body.

28.   At one point during the beating when Plaintiff **NYASIA TALLEY-TRAPPIER** attempted to look up she was punched directly in the eye by the aforementioned Asian officer, one of the officers named herein as Defendants **P.O. JOHN DOES 1-10.**

29.   Plaintiff **NYASIA TALLEY-TRAPPIER** was taken into custody and transported to the NYPD 120th Pct.

30.   Plaintiff **NYASIA TALLEY-TRAPPIER** was denied medical attention.

31.   Plaintiff **NYASIA TALLEY-TRAPPIER** was held in police custody for approximately 24 hours

32.   Plaintiff **NYASIA TALLEY-TRAPPIER** was ultimately arrested and charged with violations of the New York State Penal

Law.

33.   At the arraignment the charges against Plaintiff **NYASIA TALLEY-TRAPPIER** were adjourned in contemplation of dismissal.

34.   At the time of Plaintiff **NYASIA TALLEY-TRAPPIER's** arrest she had committed no crime.  The arrest was unsupported by probable cause.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

35.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "34" with the same force and effect as if fully set forth herein.

36.   All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

37.   All of the aforementioned acts deprived Plaintiffs **NYASIA TALLEY-TRAPPIER and KEISHA TRAPPIER** of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the United States Constitution, and in violation of 42 U.S.C. §§ 1981 and 1983.

38.   The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the actual and/or apparent authority attendant thereto.

39.   The acts complained of were carried out by the

6

aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of **THE CITY OF NEW YORK** and the New York City Police Department, all under the supervision of ranking officers of said department, including certain individual named Defendants.

40. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality which is forbidden by the United States Constitution.

41. As a result of the foregoing, Plaintiffs **NYASIA TALLEY-TRAPPIER and KEISHA TRAPPIER** are entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Imprisonment under 42 U.S.C. § 1983)

42. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. As a result of the Defendants' acts of misconduct, Plaintiff **NYASIA TALLEY-TRAPPIER** was arrested without probable cause, causing her to be detained against her will for an extended period of time and subjected to physical restraints.

44. Defendants caused Plaintiff to be falsely arrested and

7

unlawfully imprisoned.

45.   Said false arrest and unlawful imprisonment violated Plaintiff's rights as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution.

46.   As a result of the foregoing, Plaintiff **NYASIA TALLEY-TRAPPIER** is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Unreasonable Seizure under 42 U.S.C §1983)

47.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.   Defendants unreasonably seized Plaintiffs **NYASIA TALLEY-TRAPPIER and KEISHA TRAPPIER** by stopping, grabbing and using force against them.

49.   Defendants lacked the individualized reasonable suspicion necessary to perform such a search on Plaintiff.

50.   As a result of said search Plaintiffs were caused to suffer physical injury, emotional distress, embarrassment and humiliation.

51.   As a result of the foregoing, Plaintiffs **NYASIA TALLEY-TRAPPIER and KEISHA TRAPPIER** are entitled to compensatory damages

in an amount to be fixed by a jury, and are further entitled to
punitive damages against the individual Defendants in an amount to
be fixed by a jury, plus reasonable attorney's fees, costs and
disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

52.   Plaintiffs  repeat,  reiterate,  and  reallege  each  and
every allegation contained in paragraphs numbered "1" through "51"
with the same force and effect as if fully set forth herein.

53.   Defendants  subjected  Plaintiffs  **NYASIA TALLEY-TRAPPIER
and KEISHA TRAPPIER** to the use of unreasonable and unlawful force
in that Defendants struck them repeatedly about various parts of
their body without proper cause or justification.

54.   As  a  result,  Plaintiffs  sustained  injuries  to  their
bodies including, but not limited to, bruising, contusions and
swelling to various body parts including their faces.

55.   As a result of the foregoing, Plaintiffs **NYASIA TALLEY-
TRAPIER and KEISHA TRAPPIER** are entitled to compensatory damages
in an amount to be fixed by a jury, and are further entitled to
punitive damages against the individual Defendants in an amount to
be fixed by a jury, plus reasonable attorney's fees, costs and
disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. §1983)

56.   Plaintiffs  repeat,  reiterate,  and  reallege  each  and

9

every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. The Defendants conduct described herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

58. As a result of the Defendants' conduct, Plaintiffs were deprived of their liberty, their right to be free from the excessive use of force, and their right to substantive due process, causing emotional and physical injuries.

59. As a result of the foregoing, Plaintiffs **NYASIA TALLEY-TRAPPIER and KEISHA TRAPPIER** are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. §§ 1983 and 1986)

60. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

61. The Defendants had an affirmative duty to intervene on behalf of Plaintiffs whose constitutional rights were being violated in their presence by other officers.

62. The Defendants failed to intervene to prevent the unlawful conduct described herein.

10

63.  As a result of the Defendants' conduct described herein, Plaintiff **NYASIA TALLEY-TRAPPIER's** liberty was restricted for an extended period of time, she was physically beaten, she was denied medical care and treatment, she was subjected to unlawful seizure, she was placed in fear of her safety, she was subjected to handcuffing and other physical restraints.

64.  As a result of the Defendants' conduct described herein, Plaintiff **KEISHA TRAPPIER's** liberty was restricted for a period of time, she was physically beaten, she was subjected to unlawful seizure and she was placed in fear of her safety.

65.  As a result of the foregoing, Plaintiffs **NYASIA TALLEY-TRAPPIER and KEISHA TRAPPIER** are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN SEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

66.  Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.  Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality that is forbidden by the United States Constitution.

11

68.   Specifically, Defendants have created and allowed to persist a culture of conduct within the NYPD 120th Precinct that results in the violation of the constitutional rights of the residents within the geographical confines of the precinct.

69.   The aforementioned customs, culture, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, arresting citizens without probable cause and then committing perjury, manufacturing evidence, and/or engaging in falsification in an effort to achieve criminal convictions, promotions and/or additional compensation.

70.   It also included the excessive and unauthorized use of force against individuals to create a culture of fear amongst the residents within the geographical confines of the NYPD 120th Precinct.

71.   In addition, **THE CITY OF NEW YORK** engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees, which were the moving force behind the violation of Plaintiffs' rights as described herein.  As a result of the failures of **THE CITY OF NEW YORK** to properly recruit, screen, train, discipline, and supervise its officers, including the individual Defendants, Defendant **THE CITY OF NEW YORK** has tacitly authorized, ratified and has been deliberately indifferent to, the acts and conduct complained of herein.

72.   The foregoing customs, culture, policies, usages,

12

practices, procedures and rules of **THE CITY OF NEW YORK** and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiffs **NYASIA TALLEY-TRAPPIER and KEISHA TRAPPIER.**

73. The foregoing customs, policies, usages, practices, procedures and rules of **THE CITY OF NEW YORK** and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiffs **NYASIA TALLEY-TRAPPIER and KEISHA TRAPPIER** as alleged herein.

74. The foregoing customs, policies, usages, practices, procedures and rules of **THE CITY OF NEW YORK** and the New York City Police Department were the driving force behind the Constitutional violations suffered by Plaintiffs as alleged herein.

75. As a result of the customs, policies, usages, practices, procedures and rules of **THE CITY OF NEW YORK** and the New York City Police Department, Plaintiff was unlawfully arrested, illegally seized and subjected to the excessive use of physical force.

76. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiff's constitutional rights.

77. All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

    a. To be free from deprivation of liberty without due

process of law;

b. To be free from false arrest/unlawful imprisonment;

c. To be free from the excessive use of physical force;

d. To be free from unreasonable seizures; and

e. To be free from the failure to intervene;

78.   As a result of the foregoing, Plaintiffs **NYASIA TALLEY-TRAPPIER and KEISHA TRAPPIER** are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**,   Plaintiffs **NYASIA TALLEY-TRAPPIER and KEISHA TRAPPIER** demands judgment and prays for the following relief, jointly and severally, against Defendants:

(A)   Compensatory damages in an amount to be determined by a jury;
(B)   Punitive damages against the individual defendants in an amount to be determined by a jury;
(C)   Reasonable attorney's fees and the costs and disbursements of this action; and
(D)   Such other and further relief as appears just and proper.

Dated:   JAMAICA, NEW YORK
         JUNE 12, 2017

_____
Kareem R. Vessup
Law Office of Kareem R. Vessup
Esq.
Attorney for Plaintiffs

NYASIA   TALLEY-TRAPPIER   and
KEISHA TRAPPIER
89-31 161st Street, Suite 705
Jamaica, NY 11432
(718) 219-8744